In the Matter of the APPLICATION of Armando Delgado MOLINA for a Writ of Habeas Corpus.

UNITED STATES of America, ex rel. Armando Delgado MOLINA, Relator,

v.

John L. MURFF, District Director of Immigration and Naturalization Service for the District of New York, Respondent.

United States District Court
S. D. New York.

Nov. 26, 1958.

Bertrand D. Gerber, New York City, for petitioner.

Arthur H. Christy, U. S. Atty., New York City, by Roy Babitt, Special Asst. U. S. Atty., New York City, of counsel, for respondent.

IRVING R. KAUFMAN, District Judge.

Relator, a 20 year old native and citizen of Cuba, is detained by respondent under a warrant of deportation. He now petitions for a writ of habeas corpus, alleging that his deportation is imminent and that he has been erroneously denied relief under Section 5 of Public Law 85–316,[1] which relief would entitle him to remain in the United States. He also contends that the denial of his request for release under bond constituted a violation of his rights.

The relator last entered the United States for permanent residence in January of 1956. In May 1957, he pleaded guilty in the Court of General Sessions of New York County, to the crime of attempted assault, second degree, and was sentenced to from one year and three months to two years imprisonment. Deportation hearings were held in February and March of 1958 to determine relator's deportability as an alien who had been convicted of a crime involving moral turpitude within five years of entry, and sentenced to more than a year in prison. 8 U.S.C.A. § 1251(a) (4). During the hearings the relator requested the privilege of voluntary departure and relief under Section 5 of Public Law 85–316. The Special Inquiry Officer denied these requests and ordered the relator's deportation.

An appeal from the denial of relief under Section 5 was taken to the Board of Immigration Appeals and at the same time relator appealed the denial of release under bond.[2] On November 10, 1958 the Board denied relator's request that he be released under bond and also dismissed his appeal in the deportation proceeding.

Much of relator's argument is directed toward showing that his notice of appeal on the issue of release was timely filed and that he was entitled to be considered for relief under Section 5. I need not reach these issues, since the Board and the Special Inquiry Officer heard relator's case on the merits and denied his request in the exercise of discretion.

Section 5 of Public Law 85–316, upon which relator relies, provides, inter alia, that under certain circumstances an alien, otherwise excludable, shall be admitted if he is the child of an alien lawfully admitted for permanent residence. Relator claimed relief under this section on the ground that his mother is a lawfully admitted alien. However, as a prerequisite for relief, the statute states that it must be established to the attor-

1. "Any alien, who is excludable from the United States under paragraphs (9), (10), or (12) of section 212(a) of the Immigration and Nationality Act, who (A) is the spouse or child, including a minor unmarried adopted child, of a United States citizen, or of an alien lawfully admitted for permanent residence, or (B) has a son or daughter who is a United States citizen or an alien lawfully admitted for permanent residence, shall, if otherwise admissible, be issued a visa and admitted to the United States for permanent residence (1) if it shall be established to the satisfaction of the Attorney General that (A) the alien's exclusion would result in extreme hardship to the United States citizen or lawfully resident spouse, parent, or son or daughter of such alien, and (B) the admission to the United States of such alien would not be contrary to the national welfare, safety, or security of the United States; and (2) if the Attorney General, in his discretion, and pursuant to such terms, conditions, and procedures as he may by regulations prescribe, has consented to the alien's applying or reapplying for a visa and for admission to the United States." 71 Stat. 639, 640.

2. Relator did not contest the finding that he is a deportable alien under 8 U.S.C.A. § 1251(a) (4).

ney general's satisfaction "that (A) the alien's exclusion would result in extreme hardship to the * * * parent * * * and (B) the admission to the United States of such alien would not be contrary to the national welfare, safety or security of the United States * * *."

The Board found that relator had been unemployed for about two months before his arrest and that, even when employed, he earned but $25 per week. It was also found that relator's mother was not dependent on him and that she earned about $50 per week and assisted the relator when he was unemployed. This finding is amply supported by the record and it is clear that relator has failed to demonstrate the statutory requirement of extreme hardship. I have no doubt that this finding alone would support the denial of relief under Section 5. Moreover, the Board also stressed the fact that insufficient time had elapsed since relator's release from prison on parole to allow a determination of whether he had rehabilitated himself.

I, therefore, find no grounds for holding that the denial of relief under Section 5 was in any way an abuse of discretion. I emphasize that, since the Board chose to exercise its discretion in this case, I have expressed no opinion as to whether an alien in relator's situation is eligible to be considered for relief under the statute in question.

The denial of relator's release on bond was based on a finding that, in the light of his recent criminal record, there was a strong possibility that he would abscond. Furthermore, the Immigration and Naturalization Service asserts that relator's deportation can be effected immediately, and there has been no showing that the Attorney General is not proceeding with reasonable dispatch. The Board properly rejected relator's contention that his release on parole by the state authorities required that the Attorney General grant his application for release under bond. Certainly this determination by state officers, in an entirely different proceeding, can hardly deprive the Attorney General of the broad discretion granted him by the statute. 8 U.S.C.A. § 1252(c). It is clear from the foregoing that the action of the Attorney General in denying release under bond was not without reasonable foundation. There are no grounds to warrant a judicial overriding of the Attorney General's determination. Cf. Carlson v. Landon, 1952, 342 U.S. 524, 72 S.Ct. 525, 96 L.Ed. 547; United States ex rel. Dzuro v. District Director of Immigration, D.C.S.D.N.Y.1951, 102 F.Supp. 704.

Petition for writ is dismissed.